# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

WENDELL BEDFORD,

     Plaintiff,

vs.                                                    No.  1:01-cv-861
                                                       Beckwith, J.; Perelman, M.J.

CINERGY CORPORATION
dba Cincinnati Gas & Electric Company,

     Defendant.


## ORDER THAT: DEFENDANT CINERGY CORPORATION'S MOTION FOR SANCTIONS (Doc. 37) IS GRANTED

This is an employment discrimination case brought by *pro se* plaintiff Wendell Bedford against his former employer, defendant Cinergy Corporation dba Cincinnati Gas & Electric Company.  On May 9, 2003, defendant filed a motion for sanctions (doc. 37) against plaintiff for failure to comply with an Order of the Court entered on April 22, 2003 (doc. 35).

The underlying Order was issued following a hearing on defendant's second motion to compel plaintiff to supplement his responses to its discovery requests. (*See* doc. 29). Plaintiff was directed in part to respond to defendant's request for information about his brother, including his brother's facsimile number and documents or correspondence to or from his brother relating to the incidents leading to plaintiff's employment discrimination claims.

The basis of defendant's motion was that plaintiff had not provided facsimile numbers used by his brother and had not produced any related documents or correspondence.

Plaintiff filed a response stating that he had complied with the discovery request by providing "what information known to Plaintiff and responsive to the Court's Order concerning Philip Bedford." (Doc. 44). He objected to a request for his brother's social security number, but did not state an objection to providing facsimile numbers or related correspondence. (*See id.*)

Defendant's counsel filed a reply on July 2, 2003, stating again that she had not yet received any facsimile numbers or the documents that she had requested. She also provided a copy of a letter advising plaintiff as follows:

> You failed to provide any facsimile number(s), residential or otherwise. Please identify any and all facsimile number(s) of your brother immediately.

> You also failed to produce any documentation in response to Request for Production No. 2. Please supplement your response to identify if there is no facsimile correspondence between you and your brother or produce any such responsive documentation immediately. We will withdraw our Motion for Sanctions with the court upon receipt of adequate responses.

(Doc. 46, ex. C, p. 2). According to defendant, plaintiff did not respond. (*See id.,* "Joint Affidavit of Melissa Hogan and Jill T. O'Shea, Esq." at ¶ 23).

Pursuant to Fed. R. Civ. P. 37(b)(2), defendant seeks to recover reasonable expenses, including attorney's fees, incurred in preparing and filing the motion for sanctions.

The Federal Rules of Civil Procedure provide the authority to the district courts to impose sanctions, including monetary sanctions, for unjustified noncompliance with discovery orders or rules. *See* Fed. R. Civ. P. 37(b)(2)(A)-(E). Indeed, Rule 37(b)(2) states that the court shall require the noncompliant party or its attorneys, or both, to pay any

reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(b)(2). The party against whom sanctions are sought has the burden of showing that his failure to comply was due to inability, not willfulness or bad faith. *See United States v. Reyes,* 307 F.3d 451, 458 (6th Cir. 2002).

Plaintiff has offered no legitimate reason to justify his failure to comply with the Court's April 22, 2003 Order or to explain how awarding expenses for his noncompliance would be unjust. Absent such attempt at justification this Court must find that the motion for sanctions is well taken.

**IT IS THEREFORE ORDERED THAT:**

1. Defendant's motion for sanctions (doc. 37) is **GRANTED.**

2. Defendant shall file an affidavit **within fifteen (15) days** of the entry date of this Order setting out the expenses and attorney's fees incurred in preparing and filing the motion for sanctions.

3. Plaintiff may file a response speaking only to the amount sought by defendant **within fifteen (15) days** of the service date of defendant's affidavit.

**IT IS SO ORDERED**.


         s/David S. Perelman

         David  S. Perelman

         United States Magistrate Judge

J:\Shinne\dsp\01-861 bedford sanctions.wpd