WENDELL BEDFORD, PLAINTIFF PRO SE
3377 GOLDRUSH COURT
CINCINNATI, OHIO 45211
(513) 389-0557

04 MAR 24  PM 2:00

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
AT CINCINATI

| | | |
|---|---|---|
| WENDELL BEDFORD, | ) | Case No.: C-I-01-861 |
| Plaintiff, | ) | JUDGE BECKWITH |
| | ) | MAGISTRATE JUDGE PERELMAN |
| vs. | ) | |
| | ) | OBJECTION |
| CINERGY CORPORATION, | ) | TO MAGISTRATE'S REPORT AND |
| | ) | RECOMMENDATIONS |
| Defendant | ) | |

\*    \*    \*    \*    \*    \*    \*    \*

Comes the Plaintiff and for his Objection to the Magistrate's Report and Recommendations submits herewith a supporting Memorandum.

OBJECTION TO MAGISTRATE'S REPORT
AND RECOMMENDATIONS

1  Respectfully submitted,

3  *Wendell Bedford*
   WENDELL BEDFORD, PRO SE
4  3377 GOLDRUSH COURT
   CINCINNATI, OH 45211
5  (513) 389-0557

7  DATED: 3-24-04

9  CERTIFICATE OF SERVICE

11 The foregoing was delivered via 1st class U.S. mail and to the address below on this  24  day of March, 2004.

14 JILL T. O'SHEA (0034692)
   ATTORNEY FOR DEFENDANT
15 THE CINCINNATI GAS & ELECTRIC
   COMPANY
16 139 EAST FOURTH STREET
   RM. 25 AT II
17 P.O. BOX 960
   CINCINNATI, OH 45201-0960
18 (513) 287-2062
   (513) 287-3810 fax

20 *Wendell Bedford*
21 WENDELL BEDFORD

OBJECTION TO MAGISTRATE'S REPORT
AND RECOMMENDATIONS

WENDELL BEDFORD, PLAINTIFF PRO SE
3377 GOLDRUSH COURT
CINCINNATI, OHIO 45211
(513) 389-0557

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
AT CINCINATI

| | |
|---|---|
| WENDELL BEDFORD, ) | Case No.: C-I-01-861 |
| Plaintiff, ) | JUDGE BECKWITH |
| ) | MAGISTRATE JUDGE PERELMAN |
| vs. ) | |
| ) | MEMORANDUM IN SUPPORT OF THE OBJECTION |
| CINERGY CORPORATION, ) | TO MAGISTRATE'S REPORT AND RECOMMENDATIONS |
| Defendant ) | |

\* \* \* \* \* \* \* \*

Comes the Plaintiff and for his Objection to the Magistrate's Report and Recommendations states as follows:

Plaintiff has previously stated the case at bar in his Memorandum In Support Of Plaintiff's Response And Objection To

Defendant's Motion For Summary Judgment and, therefore, will address only the Magistrate's misstatements and errors. Plaintiff notes that Magistrate Judge Sherman presided over this case from its inception but that the Report and Recommendations were submitted by Magistrate Judge Perelman.

Plaintiff humbly suggests that this particular Magistrate went through an analysis of the law and standard for summary judgment, but made recommendations inconsistent therewith.

The Magistrate's Report notes in a footnote on page 3, that the "Court ruled that the two white employees were similarly situated.." but then notes,"...only for the purposes of discovery..." Plaintiff brings this to His Honor's attention to emphasize how an inappropriate standard has been applied to him throughout this case. Plaintiff was seeking records to demonstrate the difference in treatment between him and the white employees. Instead of applying the standard " is the material sought relevant or calculated to lead to relevant material," the Court made such a comparison and analysis that the standard for discovery approached beyond a reasonable doubt. Similarly, this Report holds Plaintiff to an almost impossible standard. Plaintiff is almost required to prove his claims at this stage (which one might reasonably conclude that he has).

The Magistrate Report concedes to Plaintiff that all requirements to establish a claim and defeat summary judgment have been met, excepting "the fourth prong, that he was treated

differently than other similarly situated employees..", , the Magistrate's Report @ page 3. The Magistrate's Report then goes on to resolve all doubt against Plaintiff, accept as true all statements of the Defendant, view all evidence in a light most favorable to Defendant and ignore all evidence presented by Plaintiff.

At page 7 of the Magistrate's Report, it states,"… The uncontradicted evidence presented by defendant shows that the result of the samples submitted by plaintiff were inconsistent, leading defendant to suspect that plaintiff had tampered with the drug testing process. (See doc. 36, att. E, exs. C-E,H). This being so, plaintiff's employment was terminated on the grounds that he submitted an adulterated sample-not on the ground that he submitted a positive sample. (See id., att. A, ex 29).

The Magistrate's Report accepts as "uncontradicted," the evidence presented by Defendant concerning the urine samples. But there is no evidence presented concerning the urine samples that could prove Plaintiff tampered with the testing process, and the Magistrate Report concedes as much, Stating "the defendant suspected" Plaintiff. "This being so, plaintiff's employment was terminated…." Yet, the Magistrate's Report finds no fault in terminating Plaintiff because the Defendant "suspected", not had proof, that Plaintiff had adulterated a urine sample. The Magistrate's Report actually manufactures a

justificaton on behalf of the Defendant, stating @ pages 7 & 8, "...plaintiff's employment was terminated on the ground that he submitted an adulterated sample-not on the ground that he submitted a positive sample..." But the Defendant, in fact, has stated that Plaintiff's termination was based upon acts that the Defendant arbitrarily concluded constituted a "failure to submit." *emphasis added*

Plaintiff emphasizes this point to His Honor as it is especially relevant with respect to one Ms. Mary Kuhl; and it further demonstrates how the Magistrate's Report strains to be in Defendant's favor.

At page 8 of the Magistrate's Report, it states, "....uncontroverted evidence in the record shows that the violation by the white female employee who left the testing facility did not involve an adulterated sample, and was not of the generalized nature as presented by plaintiff. Rather, the evidence shows that after her failure to produce a sufficient sample she was told to drink some liquid and to make another attempt..." But the Magistrate's Report fails to mention that the white female employee's sample which was not sufficient was not tested because it fell outside government standards, while Plaintiff's sample, which fell outside government standards because it had cooled from being left standing in an air-conditioned room, was; therefore, it could not be determined whether or not her sample was adulterated.

In any event, she fled the facility instead of submitting another sample; and again straining to find in the Defendant's favor, the Magistrate's Report notes that "she ...left...without being informed that she could not leave...", as if that justified her failure to submit. The Report then casually states, "Under defendant's drug policy, she was disciplined for a refusal to submit to testing..."

Plaintiff was **FIRED** for an alleged refusal to submit to testing.

The Magistrate's Record addresses the white male. At page 8 it is noted, "..Similarly, defendant's evidence is that the second violation by the white male employee identified by plaintiff did not involve an adulterated sample..." The Report then notes the drug was illegally obtained. But Magistrate Sherman noted the policy language provides in pertinent part, defendant's (Smith) second violation "will result in discharge" (SeeDoc. CG&E01184atB4. The Magistrate's Record casually notes, "...the employee was disciplined, but not discharged..."

Plaintiff was **FIRED**.

The Magistrate Report @ pages 8-9 states,"...The record also contains evidence that a white male employee who submitted an allegedly adulterated sample, which would place him in the similarly situated category did not receive more favorable treatment and, like plaintiff, was discharged..." But the Report

fails to mention that this male employee had tested positive for banned substances previously.

Plaintiff has presented a *prima facia* case of discrimination, and it is contained within the record; Magistrate Sherman recognized it. This court should as well. This Court should reject the Record and Recommendations of Magistrate Perelman and deny the Defendant's motion for summary judgment.

Respectfully submitted,

*Wendell Bedford*
WENDELL BEDFORD, PRO SE
3377 GOLDRUSH COURT
CINCINNATI, OH 45211
(513) 389-0557

DATED: 3-24-04

### CERTIFICATE OF SERVICE

The foregoing was delivered via 1st class U.S. mail and to the address below on this 24 day of March, 2004.

JILL T. O'SHEA (0034692)
ATTORNEY FOR DEFENDANT
THE CINCINNATI GAS & ELECTRIC COMPANY
139 EAST FOURTH STREET
RM. 25 AT II
P.O. BOX 960
CINCINNATI, OH 45201-0960
(513) 287-2062
(513) 287-3810 fax

*Wendell Bedford*
WENDELL BEDFORD

MEMORANDUM IN SUPPORT OF
OBJECTION TO MAGISTRATE'S
REPORT AND RECOMMENDATIONS